# United States District Court
# District of Massachusetts-Boston

| | |
|---|---|
| **BONNIE DIXON-TRIBOU,** )<br>)<br>) **Civil Action Number:** _____<br>**Plaintiff** )<br>)<br>v. )<br>) **COMPLAINT**<br>**ROBERT WILKIE, SECRETARY,** )<br>**U.S. DEPARTMENT OF AFFAIRS,** ) **JURY TRIAL DEMAND**<br>)<br>**Defendant.** )<br>) | |

## INTRODUCTION

1. NOW COMES the Plaintiff, Bonnie Dixon-Tribou (hereinafter "Plaintiff"), and files this employment-related action to recover damages caused by the United States Veterans Affairs New England Healthcare System Bedford, Massachusetts for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e, et seq. ("Title VII").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

2. The Plaintiff timely filed for Pre-Complaint Counseling and, thereafter, timely exhausted the requisite administrative remedies before the Equal Employment Opportunity Commission for which she filed a timely action for which relief can be granted.

3. The EEOC order entering judgment was entered beyond the 180 days of the formal complaint. The Agency issued its Final Order on August 6, 2019 and notice of rights to sue with U.S. District Court and a 90 day filing deadline of November 11, 2019 (attached as exhibit "A"). The Plaintiff has performed all conditions precedent, if any, required for the filing and pursuit of a claim for judicial relief under Title VII and its related regulations.

1

## JURISDICTION AND VENUE

4. This court has jurisdiction pursuant to 28 U.S.C. §§1332, 1343, 29 U.S.C. §621 *et Seq.* and 42 U.S.C. §2000e.

5. Venue lies in this judicial district pursuant to 28 U. S.C. §1391 (b) as this action arose within District of Massachusetts by persons employed by the Department of Veterans Affairs (VA) New England Healthcare System Bedford, Massachusettsthe and stationed in the District of Vermont who committed the unlawful employment practices alleged herein.

6. The records in this case are maintained in a central location and may be readily be obtained from the Defendant's system of records that are maintained in a central location central location, and in the Federal District of Massachusetts, and were this action was heard by the Equal Employment Opportunity Commission Boston District Office and the General Counsel the VA Office in the District of Massachusetts.

## THE PARTIES

7. Defendant, Robert Wilkie (hereinafter "Defendant"), is the Secretary of Veterans Affairs and is responsible for the "control, direction, and management" of the VA. 38 U.S.C. § 303 (2018), and is sued in his official capacity.

8. The U.S. Department of Veterans Affairs (VA) which is "an executive department" of the United States government, 38 U.S.C. § 301, and an "agency" within the meaning of 42 U.S.C. § 2000e(a) and an "employer" within the meaning of 42 U.S.C. § 2000e(b) and a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

9. The Plaintiff is a resident of the Town of Brunswick, State of Maine, in County of Cumberland.

## INTRODUCTION

10. This is an action for failure to accommodate, termination, creation of a hostile

work environment, denial of due process, and disparate treatment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*

## **FACTUAL ALLEGATIONS**

11. Plaintiff Bonnie Dixon-Tribou (hereinafter "Plaintiff") began her employment with the Defendant on May 14, 2006 as a Staff Charge Nurse in the Agency's Community Care Department (nursing home unit) and was recognized as an exceptional employee.

12. On October 17, 2007 Plaintiff was assaulted at work by a VA patient and sustained compensable injury and as a result Plaintiff was unable to return to her position as a floor charge nurse was accommodated with an administrative position in the Office of the Chief Nurse.

13. Approximately 9 months following the patient assault VA and Plaintiff learned she was a disabled person and continued the accommodation until 2015.

14. In 2015 the Chief Nurse transferred to Boston and the VA immediately withdrew Plaintiff's accommodations after the chief nurse transferred to Boston and placed her in a position that did not accommodate her disability.

15. After the Plaintiff's accommodations were removed Plaintiff made repeated requests for reasonable accommodations that were denied. The VA did not provide Plaintiff necessary and reasonable accommodations, rather, it alleged Plaintiff was "not putting forth an honest effort in her work" due to the symptoms of her disability aggravated by the Agency's failure to accommodate her, and terminated her on November 12, 2016 for that allegation.

16. Following her termination Plaintiff applied or Federal Disability Retirement (FDR) from the U.S. Office of Personnel Management (OPM), the forum of competent

jurisdiction to determine whether or not Defendant was terminated for her disability or not. OPM held the VA's allegations of unsatisfactory performance were due to Plaintiff's disability.

17. Defendant objected to Plaintiff's disability retirement application by alleging her was intentional and not due to a disability.

18. To support its allegations the VA withheld material evidence from OPM (the forum of competent jurisdiction) and made false statements to block Plaintiff's disability retirement. The Defendant alleged Plaintiff's failure to put "forth and honest effort in her work" was not related to her disability and her retirement was initially denied March 25, 2019.

19. In April 2019 Plaintiff appealed OPM's original denial of her disability retirement application to the Merit Systems Board (MSPB Docket No: PH-0752-17-0113-I).

20. When OPM received Plaintiff's appeal it reviewed the record and found she was disabled and entitled to a disability retirement due to her unaccommodated disabilities.

21. In May 2019 OPM filed a motion with the MSPB to find Plaintiff's appeal moot as her disability retirement application was approved and the VA charge for and Defendant's allegations of willful under performance was dismissed as Plaintiff's the alleged under performance was due to Plaintiff's disability.

22. The MSPB allowed OPM's motion and held the Plaintiff's appeal moot after it was notified that Plaintiff's disability retirement application was approved.

23. OPM, a forum of competent jurisdiction held that Plaintiff had submitted sufficient evidence to prove her the Defendants' allegations of underperformance were based on symptoms of her disability.

24. Immediately after OPM notified her disability was approved she notified the Defendant and EEOC that her disability retirement was approved but the MSPB decision that

4

he alleged underperformance disciplinary termination was improper because she was disabled and was not properly accommodated.

25. Due to the Defendant's failure to reasonably accommodate Plaintiff and unjust discriminatory termination Plaintiff has suffered financial loss, physical and emotional pain and suffering, and is entitled to damages.

26. Despite the OPM and MSPB's decision Defendant pursued its allegations underperformance were not due to Plaintiff's negligence and Defendant submitted a Motion for Summary Judgment to the EEOC that Plaintiff's alleged still alleged Plaintiff's alleged underperformance was disciplinary and not due to its failure to accommodate.

27. OPM's decision was ignored by the Defendant and her official personnel records were not corrected.

28. Defendant's statement of reasons for Plaintiff's termination was pretext for discrimination and caused her to suffer financial loss, physical and emotional pain and suffering, and is entitled to damages.

29. Plaintiff has suffered ongoing and continuous retaliation as a result of her protected activities, including but not limited to hostile work environment, abusive and disparate treatment.

## COUNT ONE
### Disability discrimination

30. Plaintiff re-alleges the above paragraphs 1 through 29 above and incorporates them herein by reference.

31. Plaintiff is bringing this action pursuant to the provisions of Rehabilitation Act.

32. Under the Rehabilitation Act, the Federal Government cannot discriminate against an employee on the basis of that employee's disability.

34. The facts stated above show that the Agency took action and treated Plaintiff differently because of her disability.

35. The Defendant determined the Plaintiff has made a prima facie case of discrimination in its Notice of Right to File a Formal Complaint of Discrimination and has given her a right to appeal its actions to this Court.

36. As shown in the facts stated above, the Defendant did not remedy any discrimination that was reported by the Plaintiff.

37. Based on the facts alleged herein Defendant does not have a legitimate non-discriminatory reason to justify its actions.

38. Even if the Defendant produces a reason for the discriminatory actions they are simply pretext for discrimination based on the facts alleged and sustained by the Office of Personnel Management (OPM) and Merit Systems Protection Board (MSPB).

39 Based on above paragraphs 1-38 the Defendants actions constitute discrimination, to which the Plaintiff suffered damages as the proximate cause of the discrimination, and as such Plaintiff is entitled to damages as prayed for below.

## COUNT TWO
### [Hostile Work Environment (Disability and Reprisal)]

40. Plaintiff alleges the above Paragraphs 1-39 as if fully stated and incorporates them herein by reference.

41. Plaintiff is bringing this action pursuant to the provisions of the Rehabilitation Act.

42. It is unlawful under both Rehabilitation Act and American with Disabilities Act for an employer to cause or allow to continue a hostile work environment on the basis of a person's disability or because of an employee's engagement of the EEO process.

6

43. Based on the facts alleged in above Paragraphs 1-42 the Plaintiff was engaged in EEO activity is in a protected class for that activity and was subject to retaliation by Defendant for participation in that activity.

## COUNT THREE
### Retaliation in Violation of Title VII, 42 U.S.C. §2000, *et seq*.

44. Paragraphs 1 through 43 are hereby incorporated by reference in this Count Three the same as if fully pled herein.

45. During the course of his employment with Defendant, Plaintiff engaged in protected activities within the meaning of Title VII. Plaintiff made good faith complaints of discrimination and harassment in direct violation of VA official policies VA personnel a required to follow.

46. Defendant and his employee were aware that Plaintiff had engaged in protected activities.

## COUNT FOUR
### (Collateral attack and abuse of authority)

47. Plaintiff alleges paragraphs 1 through 46 above and incorporates them herein by reference.

48. This cause of action is pursuant to the Rehabilitation Act under which the Federal Government is required to provide accommodations for disabled people that are reasonable.

49. Based on the facts above, Plaintiff can show that her requested accommodations were reasonable.

50. Based on the above elements of her claim, and Plaintiff right to file a formal complaint of discrimination Plaintiff, causing has proven before the OPM and MSPB that Defendant abused his authority to discriminated against, and continues to discriminate against

7

Plaintiff as alleged and continues to suffer from Defendant's abuse of authority and Plaintiff is entitled to damages as prayed for below.

## REMEDIES and RELIEF

51. The Plaintiff is entitled to relief under Title VII for her employer's unlawful discriminatory conduct and retaliation, including but not limited to for the Employer's disparate treatment of the Plaintiff for engaging in protected activities.

52 Plaintiff respectfully requests that the Court enter judgment in her favor against the Defendant and direct the following relief.

53. A money judgment representing compensatory damages, including lost wages, and all other sums of money, including retirement benefits and other employment benefits, together with interest thereon;

54. A money judgment representing liquidated damages for the Defendants' willful violations of Title VII, and any related statutes, regulations and rights.

43. An order to correct Plaintiff's federal personnel records showing she was not terminated for disciplinary reasons.

Dated: November 6, 2019

Submitted for Complainant,
Bonnie Dixon-Tribou by her attorney,

Robert F. Stone, Esq.
Law Office of Robert F. Stone
P.O. Box 183
Deerfield, MA 01373
(413) 269-4421
Fax (13) 208-0215
rfstoneesq@comcast.net

## **CERTICICATE OF SERVICE**

I, Robert F. Stone, Esq., certify this complaint was filed with the U.S. District Court for the District of Massachusetts via CM/ECF this 6th day of November 2019.

Clerk of the Court
U.S. District Court District
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Date: November 6, 2019            Signed: _____
                                          Robert F. Stone

## CERTICICATE OF SERVICE

I, Robert F. Stone, Esq., certify this complaint was filed with the U.S. District Court for the District of Massachusetts via CM/ECF this 6<u>th</u> day of November 2019.

Clerk of the Court
U.S. District Court District
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210


Date: November 6, 2019                           Signed: */s/Robert F. Stone*
                                                 Robert F. Stone

## CERTICICATE OF SERVICE

I, Robert F. Stone, Esq., certify this complaint was filed with the U.S. District Court for the District of Massachusetts via CM/ECF this 6th day of November 2019.

Clerk of the Court
U.S. District Court District
for the District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, Massachusetts 02210

Date: November 6, 2019                                   Signed: */s/Robert F. Stone*
                                                                          Robert F. Stone

9